UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

RICARDO ZAMBRANO, and                           Case No. 14-12488-RBR
ANA YULEN CALDERON                              Chapter 7

      Debtors.
_____/

## NOTICE OF EXAMINATION DUCES TECUM

**PLEASE TAKE NOTICE THAT**, DBC ASSOCIATES CORP. and DAVID M. KENTON, M.D., P.A. (the "Kenton Creditors"), will examine Ricardo Zambrano (the "Examinee") under oath, at the following date, time and location

| NAME | DATE and TIME | PLACE |
|---|---|---|
| **Ricardo Zambrano**<br>**9999 SUMMERBREEZE DRIVE 818**<br>**SUNRISE, FL 33322** | March 11, 2014<br>3:30 p.m. | Marshall Socarras Grant, P.L.<br>197 S. Federal Highway<br>Suite 300<br>Boca Raton, Florida 33432 |

The examination will be taken under oath for the purpose of discovery or as evidence, or both, pursuant to Rule 2004, Fed. R. Bankr. P., and Local Rule 2004-1, before an officer authorized to administer oaths and record testimony. Pursuant to Local Rule 2004-1(A) no order shall be necessary. The examination may continue day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. If you are unavailable at

the scheduled time, please contact the undersigned attorney, and the examination will be rescheduled at a mutually convenient time.

If the Examinee requires an interpreter, it is the Examinee's responsibility to engage the employment of such interpreter to be present at the examination.

This Examination will relate to acts, conduct, or property, liabilities, financial condition and right to a discharge of Ricardo Zambrano.

The Examinee is further directed to produce or make available for inspection and copying, pursuant to Rules 2004(c), 7034, 9016, Fed. R. Bankr. P., and Local Rule 2004-1(B), all of the documents described on the attached Schedule "A" at the following date, time, and location: **February 24, 2014**, by 4:00 p.m., Marshall Socarras Grant, P.L., located at 197 S. Federal Highway, Suite 300, Boca Raton, Florida 33432.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for the Kenton Creditors
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@msglaw.com

By:   /s/ Lawrence E. Pecan
     RUBEN E. SOCARRAS
     Fla. Bar No. 712256
     LAWRENCE E. PECAN
     Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this February 5, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

    /s/ Lawrence E. Pecan
LAWRENCE E. PECAN

## SERVICE LIST

**SERVED VIA CM/ECF NOTICE**

Lawrence A Levine, Esq on behalf of Debtor Ricardo Zambrano
lawrence@llevinepa.com, carolina@llevinepa.com;llevinepanotices@gmail.com

Lawrence A Levine, Esq on behalf of Joint Debtor Ana Yulen Calderon
lawrence@llevinepa.com, carolina@llevinepa.com;llevinepanotices@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad S. Paiva
trustee@gmlaw.com,
katrina.bankert@gmlaw.com;cpaiva@ecf.epiqsystems.com;leslie.marder@gmlaw.com;fl84@ecfcbis.com

Lawrence E Pecan on behalf of Creditor David M. Kenton, P.A.
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com

**SERVED BY U.S. MAIL**

Ricardo Zambrano
9999 SUMMERBREEZE DRIVE 818
SUNRISE, FL 33322

**SCHEDULE "A"**

The witness is requested and directed to produce for inspection and copying the items and documents described below. The witness is further directed and requested to observe and follow the instructions and definitions in connection with this request for production:

Definitions and Instructions

1. The term "document" includes, but is not limited to, the original (and any copy of the original which contains additional writing thereon or attached thereto) or memoranda, reports, books, manuals, plan specifications, scheduling charts, instructions, financial reports, working papers, records, notes, letters, notices, confirmations, telegrams, receipts, appraisals, pamphlets, magazines, newspapers, prospects, interoffice and intra office communications, contracts, cables, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, transcripts, diaries, analysis, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, financial statements, reviews, opinions, offers, studies and investigations, questionnaires and surveys, work sheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing, graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graph, microfiche, microfilm, videotape, recordings and motion pictures), electronic, mechanical and electric records or presentations of any kind (including, without limitation, tapes, cassettes, disks and recordings) and other written, printed, typed or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phono record, film, tape or videotape.

2. The terms "you," or "your" mean Ricardo Zambrano, including, but not limited to, your agents, employees or other servants, attorneys, representatives of any kind, and any other person or entity acting on your behalf or for your benefit.

3. Whenever any company or partnership is used or referred to herein, that entity includes:

    a. All predecessors, successors, subsidiaries, parents or affiliates of the named company or partnership;

    b. All officers, directors, partners, agents and employees of the named company or partnership; and

    c. All officers, directors partners, agents and employees of any predecessor, successor, subsidiary, parent or affiliate of the named company or partnership.

4. "Zambrano" refers to Ricardo Zambrano individually, and includes (a) Ana Yulen Calderon, and (b) any entity in which he holds an interest, including, but not limited to INVESCLINIC, LLC; MEDONE RESEARCH, LLC; DEERFIELD BEACH CARDIOLOGY RESEARCH CORP; and DBC RESEARCH USA CORP and any officers, directors partners, agents and employees of any predecessor, successor, subsidiary, parent or affiliate of the same.

5. The "Debtor" refers to Ricardo Zambrano individually and/or Ana Yulen Calderon, individually.

6. "Petition Date" means January 31, 2014, the date that the Ricardo Zambrano filed the bankruptcy petition.

7. If you withhold any documents requested herein on grounds of privilege, you are asked to identify each of those documents by date, author, address(es) or recipient(s), chain of

custody, file and controller of file in which found (or specific location of document, if not contained in any file), nature of the privilege being asserted and general description.

8. Unless otherwise indicated, all documents requested are for the period beginning two years prior to the Petition Date, up to and including the present.

**Requests for Production of Documents**

Please produce the following documents:

*Tax Returns*

1. All income tax returns, along with all attached schedules, that Debtor has filed or were drafted during the past four (4) years.

2. All intangible tax returns, along with all attached schedules, that the Debtor has filed or were drafted during the past four (4) years.

3. Any other tax returns filed or drafted during past four (4) tax years for any business, corporation, or joint venture in which the Debtor has or had an interest.

*Financial Statements and Banking Records*

4. All financial statements that the Debtor submitted to any financial institution within the past four (4) years.

5. All loan applications that the Debtor submitted to any financial institution within the past four (4) years.

6. All applications by the Debtor to open accounts at any financial institute within the past four (4) years.

7. All records concerning any checking account in the Debtor's name within the past four (4) years including but not limited to check books, checks, check registers, cancelled checks, deposit slips, withdrawals, and bank statements.

8. All records concerning any financial, bank, savings or money market account in the Debtor's name within the past four (4) years including but not limited to check books, checks, check registers, cancelled checks, deposit slips, withdrawals, and bank statements.

9. All records concerning any certificates of deposit which the Debtor had any interest whatsoever within the past four (4) years.

10. All records concerning any investment, stock, or brokerage accounts through which the Debtor traded, sold, or purchased stock and other investments, within the past four (4) years.

11. All records concerning any corporate securities (stocks or bonds) owned by the the Debtor or in which the Debtor has or had any interest whatsoever or any other evidence of that interest during the past four (4) years.

12. Receipt(s) for the rental of any safety deposit box within the past four (4) years.

13. List of contents of any safety deposit box that the Debtor owns or in which the Debtor has placed property it owns.

*Assets*

14. Deeds, leases, mortgages, or other written instruments evidencing any interest or ownership of real property of any kind, vacant or improved, that the the Debtor has owned or leased within the past four (4) years.

15. Title certificates, registration statements, or lease/rental agreements for any and all motor vehicles, aircraft, or vessels in which the Debtor has or had any interest, direct, indirect or contingent, within the past four (4) years.

16. All documents documenting the sale, rental, or lease of the property described in paragraphs 14, or 15 above.

17. Copies of any documents in which the the Debtor is named as mortgagee or mortgagor.

*Insurance*

18. All insurance policies insuring the property described in paragraphs 14, 15 and 16 above, including but not limited to declaration pages, premium statements, claims made, and money received.

19. All records related to any claims that the Debtor has or could make under the insurance policies described in paragraph 18.

20. Copies of any insurance policies in the Debtor's name that cover errors and/or omissions.

*Lawsuits*

21. All records concerning any lawsuits to which the Debtor was or is a party.

22. All records concerning any claims or causes of action that the the Debtor might be entitled to pursue against third parties. All records concerning any claims or causes of action that third parties might be entitled to pursue against the the Debtor.

*Businesses*

23. The books and records of the the Debtor, including, but not limited to, the username and password for Quickbooks, or its equivalent, and all related files.

24. Articles of Incorporation or Organization of any company in which the Debtor has or had an interest, direct or indirect, in the four years preceding the Petition Date.

25. The Shareholder Agreement, Operating Agreement, Bylaws or their equivalent of any company in which the Debtor has or had an interest, direct or indirect, in the four years preceding the Petition Date.

26. Partnership Agreement of any partnership of the Debtor or any company in which the Debtor has or had an interest, direct or indirect, in the four years preceding the Petition Date..

27. All stock certificates, membership interest certificates, or any other document reflecting the Debtor's ownership of any business.

28. Latest available balance sheets and any other financial statements including but not limited to profit and loss statements, income statements, accounts receivable ledgers, and accounts payable ledgers for the businesses described in paragraphs 25 through 28.

### *Liabilities and Security*

29. Copies of any financing statements which have been filed under the Debtor's name or under the name of any business with which the Debtor may be associated during the past four (4) years.

30. Copies of any security interest for any goods or products of any type in the Debtor's name or under the name of any business with which the Debtor may be associated appears as a secured party.

31. Copies of any and all credit card statements of cards for the past one (1) year in the the Debtor's name or under the name of any business with which the Debtor may be associated.

32. All correspondence, promissory notes, loans, contracts, invoices, demands or other writings which show or document any monies owed to the Debtor by any person.

### *Property*

33. All documents relating to any transfer of funds by or to the Debtor, in excess of $10,000.00.

34. All documents relating to the disposition of the any of the Debtor's assets or property held by the Debtor during the last four years.

35. All documents relating to the ownership and/or membership interests held by the Debtor.