**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:

RICARDO ZAMBRANO, and                    Case No. 14-12488-RBR
ANA YULEN CALDERON                       Chapter 7

    Debtors.
_____/

## OBJECTION TO DEBTORS' MOTION TO CONVERT CASE TO CHAPTER 13

Creditors, DBC ASSOCIATES CORP. and DAVID M. KENTON, M.D., P.A. (collectively the "Kenton Creditors"), object to the Debtors' Motion to Convert Case to Chapter 13 [ECF No. 24] (the "Motion") and state:

### PRELIMINARY STATEMENT

Accused of fraud, conversion, rackeeteering, and civil theft, Joint Debtor Ricardo Zambrano, and his wife, filed a petition under chapter 7. After failing to list nearly $5,000.00 in monthly income, the Debtors amended their schedules such that they exceeded the means test threshold for the presumption of abuse, and seek to convert the case to chapter 13. The Debtors are ineligble for chapter 13, as their debt exceeds the statutory maximum. Even though the Debtors may dispute the claim which accounts for the vast majority of their unsecured debt, the Bankruptcy Code clearly includes such debt in the calculation of unsecured debt for eligibility under chapter 13. Since the Debtors are ineligible for Chapter 13, the Court should deny the Motion.

**FACTUAL BACKGROUND**

1. The Kenton Creditors have a liquidated claim against the Debtors in the amount of approximately $1,719,827.36. (the "Claim")[1]. The Kenton Creditors have not yet filed a proof of claim.

2. The Kenton Creditors allege that Joint Debtor, Ricardo Zambrano ("Zambrano") stole at least $573,309.12 from the Kenton Creditors during a time in which Zambrano worked with and for the Kenton Creditors.

3. The Kenton Creditors have been engaged in litigation concerning the Claim in state court since 2011. That stayed case is pending before the 17th Judicial Circuit Court, as case no. CACE 11-021080 (04) (the "State Litigation").

4. On January 31, 2014 (the "Petition Date"), the Debtors filed a petition for relief under chapter 7 [ECF No. 1].

5. The Debtors list Zambrano's debt as disputed, unliquidated and contingent in the amount of $1,500,000.00.

6. The Debtors listed Zambrano as having no income.

7. Following (and only after) the Kenton Creditors filed Notices of Examination *duces tecum*, in which the Kenton Creditors requested an examination and the production of documentation regarding Zambrano's income, the Debtors amended their schedules to identify that Zambrano is the recipient of recurring $4,422.55 payments from a family member. [ECF No. 22] (the "Amendment").

---

[1] The Claim arises from the alleged misappropriation and embezzlement of funds totaling over approximately $573,309.12, trebled by a factor of three, under various legal theories of liability (Civil Theft, Conversion, RICO, and Fraud, among others). That amount is liquidated. While the Kenton Creditors may discover additional stolen amounts, the investigation, to date, has uncovered at least $573,309.12.

8.     Subsequent to the Amendment, the Debtors filed the instant Motion, seeking to convert the case to one under chapter 13. The Kenton Creditors object, as the Debtors are ineligible for chapter 13.

## ANALYSIS

"A case may not be converted to a case under another chapter . . . unless the debtor may be a debtor under such chapter." 11 U.S.C. § 706(d).  A debtor with greater than $1,149,525.00 in secured debt or $383,175.00 in unsecured debt is ineligible for Chapter 13[2]. 11 U.S.C. § 109(e). Such calculation includes only "noncontingent, liquidated, unsecured debts." *Id*. It follows that debts which are disputed are *included* in the calculation, but debts which are contingent or unliquidated are not. The Debtors' schedules list the Kenton Creditors claims in the liquidated amount of $1,500,000.00, but check the boxes for "disputed," "unliquidated," and "contingent."  Because the scheduled amount of Zambrano's debt to the Kenton Creditors is far in excess of $383,175.00, the Debtors are ineligible for Chapter 13 unless the debt to the Kenton Creditors is "unliquidated" or "contingent."

"Courts are not bound by a debtor's representation that the debt is unliquidated or contingent." *In re De La Hoz*, 451 B.R. 192, 202 (Bankr.M.D.Fla. 2011). "The Eleventh Circuit has not yet addressed the proper scope of the Court's review in determining a debtor's eligibility for Chapter 13 relief" and bankruptcy courts in the circuit commonly look to other circuits for authority on the matter. *Id.* at 201.   Under such an approach, the debt is neither contingent nor unliquidated, and thus the Motion must be denied.

### A.  The debt to the Kenton Creditors is not contingent.

"The fact that . . . claims . . . have not been reduced to judgment does not render them contingent." *In re Loya*, 123 B.R. 338, 340 (B.A.P. 9th Cir.1991)  "When the events giving rise

---

[2] Thus, the Court cannot convert the case if the Debtors are ineligible under section 109(e).

to the claims occurred prior to the bankruptcy petition, they are noncontingent." *Rodriguez v. Schmidt*, 7:13-CV-73, 2014 WL 37290 (S.D. Tex. Jan. 2, 2014).  A claim is contingent if: "the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor . . . and if such triggering event or occurrence was one reasonably contemplated by the debtor and creditor at the time the event giving rise to the claim occurred." *In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr.S.D.Tex.1980), *aff'd*, 646 F.2d 193 (5th Cir.1981). "The classic example of a contingent debt is a guaranty because the guarantor has no liability unless and until the principal defaults. *In re Pennypacker*, 115 B.R. 504, 507 (Bankr.E.D.Pa.1990).

Here, no such condition exists. The debt to the Kenton Creditors occurred prepetition. It does not depend on any future event other than the entry of a judgment. The fact that a judgment on a disputed debt has not yet been entered, however, does not make the debt contingent. *Pennypacker*, 115 B.R. at 506. Accordingly, the debt is noncontingent.

**B. The debt is liquidated.**

Likewise, the "existence of a dispute over part or all of a debt does not convert the debt from a liquidated one to an unliquidated one." *In re Pulliam*, 90 B.R. 241, 244 (Bankr.N.D.Tex.1988). "Whether a debt is liquidated or not for purposes of 11 U.S.C. § 109(e) does not depend strictly on whether the claim sounds in tort or in contract, but whether it is capable of ready computation." *Loya*, 123 B.R. at 340. Were this not the case, the "unscrupulous would file a chapter 13 petition and then 'dispute' the unsecured debts." *Craig Corp. v. Albano (In re Albano)*, 55 B.R. 363 (N.D.Ill.1985).

Here, the Claim based on stolen amounts already discovered is readily calculable. *See Rodriguez,* 2014 WL at *4 (for conversion claims, even if disputed, the amount is liquidated

because the "claims rest simply on the amounts [the] Debtor allegedly fraudulently received," all of which could be listed on a "spreadsheet."). Although the Debtors listed the debt as unliquidated, they had no trouble listing the debt in a liquidated amount of $1,500,000.00. Unlike, for example, a personal injury debt, in which the amount of a debt would not be easily ascertainable (as it would be difficult to determine the extent of damages for pain and suffering, mental anguish, or future medical bills), here, the sum of all the alleged misappropriated and embezzled funds can be listed on a spreadsheet and totaled with certainty. In fact, such a spreadsheet was provided to the Debtors in the underlying State Litigation in discovery, although discovery has revealed that the amount is much greater (the "Response"). A copy of the Response is attached as Exhibit "A." The Response clearly delineates on a spreadsheet a list of transactions which the Kenton Creditors allege constitute conversion or theft, and can easily be added up (and trebled) to readily compute the amount. In sum$^3$, the debt is liquidated.

Moreover, even though the Kenton Creditors may discover additional misappropriated or embezzled amounts, that does not change the fact that the already discovered amounts are liquidated. *In re Doyle,* 340 B.R. 381, 385–86 (Bankr.D.Or.2006). If a claim has liquidated and unliquidated portions, the portion of a claim which is liquidated is included in the analysis under section 109(e), while the unliquidated portion is not. *Id.* Here, the $1,719,827.36 is fully liquidated, and is, itself, greater than the statutory limit under section 109(e).

**C. The case should remain in chapter 7 or be converted to chapter 11.**

The Debtors presumably filed the Motion in light of exceeding the presumption of abuse threshold for the means test. *See* 11 U.S.C. § 707(b)(2)(A). First, the Kenton Creditors are unsure that the means test is even applicable to the Debtors' case. The means test applies only to debtors whose debts are primarily consumer debts. 11 U.S.C. § 707(b)(1); *In re Piazza*, 451 B.R.

---

[3] Pun intended.

608 (Bankr.S.D.Fla.2011). The single largest debt, the Kenton Creditors' Claim against Zambrano, constitutes the vast majority of the Debtors' debt, but was incurred within the scope Ricardo Zambrano's employment with the Kenton Creditors. The Kenton Creditors do not believe that constitutes a "consumer debt." "The term 'consumer debt' means debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Nothing about the debt to the Kenton Creditors (and thus the majority of the Debtors' debt) is for a personal, family or household purpose.

Moreover, even if the means test is applicable, the presumption is subject to being rebutted, based on the "totality of the circumstances." 11 U.S.C. § 707(b)(3)(B). Here, the vast majority of the Debtors' debt (the Kenton Creditors Claim) is nondischargeable pursuant to 11 U.S.C. § 523(a) (2), (4), and (6). For this reason, the Kenton Creditors suggest that the estate is better served by liquidating the Debtors' assets for the benefit of their unsecured creditors, while the Debtors will be discharged from a small portion of their debts.

Of course, the Debtors are unquestionably eligible for relief under chapter 11. As such, the Debtors can choose to convert the case to that chapter as a matter of right. 11 U.S.C. § 706(a). However, for the reasons set forth above, the case cannot be converted to chapter 13.

## CONCLUSION

Although the Debtors dispute the Kenton Creditors substantial Claim, such dispute does not render the debt "contingent" or "unliquidated." The debt must be included in the calculation under section 109(e), and the Debtors are thus ineligible for chapter 13. Because the Debtors are ineligible for chapter 13, conversion is inappropriate pursuant to section 706(d).

WHEREFORE, the Kenton Creditors request this Court deny the Motion, order the Debtors to choose whether to pursue the case under chapter 7, or convert to chapter 11, and grant such other and further relief as is just and appropriate.

    Respectfully submitted,

    **MARSHALL SOCARRAS GRANT, P.L.**
    Attorneys for the Kenton Creditors
    197 South Federal Highway, Suite 300
    Boca Raton, Florida  33432
    Telephone No. 561.672.7580
    Facsimile No. 561.672.7581
    Email:  lpecan@msglaw.com

    By:   /s/ Lawrence E. Pecan
        RUBEN E. SOCARRAS
        Fla. Bar No. 712256
        LAWRENCE E. PECAN
        Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this March 17, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                              /s/ Lawrence E. Pecan
                                              LAWRENCE E. PECAN

## SERVICE LIST

### SERVED VIA CM/ECF NOTICE

Lawrence A Levine, Esq on behalf of Debtor Ricardo Zambrano
lawrence@llevinepa.com, carolina@llevinepa.com;llevinepanotices@gmail.com

Lawrence A Levine, Esq on behalf of Joint Debtor Ana Yulen Calderon
lawrence@llevinepa.com, carolina@llevinepa.com;llevinepanotices@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad S. Paiva
trustee@gmlaw.com,
katrina.bankert@gmlaw.com;cpaiva@ecf.epiqsystems.com;leslie.marder@gmlaw.com;fl84@ecfcbis.com

Lawrence E Pecan on behalf of Creditor David M. Kenton, P.A.
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com