## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

RICARDO ZAMBRANO, and                                Case No. 14-12488-RBR
ANA YULEN CALDERON                                   Chapter 7

      Debtors.
_____/

## OBJECTION TO DEBTORS' MOTION TO DISMISS CASE

Creditors, DBC ASSOCIATES CORP. and DAVID M. KENTON, M.D., P.A. (collectively the "Kenton Creditors"), object to the Debtors' Motion to Dismiss Case [ECF No. 42] (the "Motion") and state:

### PRELIMINARY STATEMENT

Accused of fraud, conversion, rackeeteering, and civil theft, Debtor Ricardo Zambrano, and his wife Joint Debtor Ana Yulen Calderon, filed a petition under chapter 7. After failing to list nearly $5,000.00 in monthly income, realizing that their largest debt is nondischargeable, and perhaps faced with the actual consequences of a liquidation, the Debtors have moved to dismiss this case. The Debtors seek the benefits of the automatic stay, by staying their pending foreclosure case, while they seek to avoid the burden of chapter 7 by escaping a liquidation (and a distribution to creditors). Because they have failed to demonstrate cause for dismissal and have, to the contrary, shown cause exists to *deny* dismissal, the Court should deny the Motion.

### FACTUAL BACKGROUND

1. The Kenton Creditors allege that Debtor, Ricardo Zambrano (the "Debtor") stole at least $573,309.12 from the Kenton Creditors during a time in which Zambrano worked with and for the Kenton Creditors.

2. The Kenton Creditors have been engaged in litigation concerning the Claim in state court since 2011. That stayed case is pending before the 17th Judicial Circuit Court, as case no. CACE 11-021080 (04) (the "State Litigation").

3. On January 31, 2014 (the "Petition Date"), the Debtors filed a petition for relief under chapter 7 [ECF No. 1].

4. The Debtors listed Zambrano as having no income.

5. Following (and only after) the Kenton Creditors filed Notices of Examination *duces tecum*, in which the Kenton Creditors requested an examination and the production of documentation regarding Zambrano's income, the Debtors amended their schedules to identify that Zambrano is the recipient of recurring $4,422.55 payments from a family member. [ECF No. 22] (the "Amendment").

6. Subsequent to the Amendment, the Debtors filed the instant Motion, seeking to dismiss the case.

7. The Kenton Creditors noticed the Debtor and his wife for examinations *duces tecum.* [ECF No. 15 & 16]. The Debtors did not timely respond to the document request, forcing the Kenton Creditors to agree to continue the examinations to April 9, 2014. [ECF No. 38]. The Debtors then failed to appear on April 9, 2014.

## ANALYSIS

A. **The Debtors have not demonstrated cause**.

The debtor has the burden of establishing cause for dismissal. *In re Jabarin*, 395 B.R. 330 (Bankr.E.D.Pa.2008). "A Chapter 7 Debtor does not have an absolute right to obtain voluntary dismissal of his or her case." *In re Martinez-Held*, 05-44664-BKC-LMI, 2006 WL 2882494 (Bankr. S.D. Fla. June 16, 2006). "The prevailing view holds that a voluntary Chapter 7

debtor is entitled to dismissal of his case so long as such dismissal will cause no legal prejudice to interested parties." *In re Klein*, 39 B.R. 530, 532 (Bankr. E.D.N.Y. 1984). While "a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced." *Id.*

"The key decision. . . is whether the dismissal is in the best interests of the creditors and the debtor." *In re McCullough*, 229 B.R. 374, 376 (Bankr. E.D. Va. 1999). Here, a dismissal would benefit <u>only</u> the Debtor. Despite not listing them on his original schedules, the Debtor has diverse holdings in closely held entities which have value to the estate and should be liquidated. Moreover, the Kenton Creditors are informed and believe that the Debtor has hidden or otherwise fraudulently transferred significant amounts of money during the applicable avoidance periods. "The discovery of assets is not cause to dismiss a bankruptcy case, but rather, if anything, is grounds for retaining jurisdiction, i.e., that creditors who perhaps expected to recover nothing on their claims may be assured of an equitable and full distribution of the debtor's newly discovered assets." *In re Jong Hee Kang*, 467 B.R. 327, 335 (Bankr. D.N.J. 2012) (internal citations and quotations omitted).

Nothing in the Debtors' Motion addresses "cause." In fact, the only statement which even remotely approaches "cause" is as follows: "The Debtors are involved in an extremely contested litigation with their major Creditor. . . The Debtors would like to continue this litigation in State Court." *Motion*, ¶3-4. Since the debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2),(4) and (6), it is clear that the Debtors will have an opportunity to "continue the litigation" irrespective of whether the case is dismissed. Such a disingenuous statement, however, evinces that the Debtors true motive is to protect their assets and their insiders.

In a very similar case, the Bankruptcy Court for the Western District of Texas held that a desire to litigate a case elsewhere is not "cause;" the Court wrote

> Chapter 7 bankruptcy is not something that you can dip your toe into in order to check the temperature of the water. It is something you jump into and you can only be rescued from it if you can show cause. The avowed cause in this case is so that the Debtor and its responsible officers can pursue the IRS in United States District Court on the issue at hand. However, that is something the Debtor's principals can do whether this case is dismissed or not. And, if, as, and when the IRS files its claim in this case, the Trustee can litigate its amount and validity on behalf of the estate. And, in the meantime, the Trustee can . . . pursue [avoidance actions].

*In re Dreamstreet, Inc.*, 221 B.R. 724, 725-26 (Bankr. W.D. Tex. 1998).

Once the Debtors were forced to fully disclose their assets and income, and faced with discovery requests which might evidence avoidable transfers to insiders, the Debtors ignored their duly noticed 2004 examinations and sought to dismiss the case. As *Dreamstreet* describes, they stuck their toes in the water, decided they did not like the temperature, and now want to get out. This is an abuse of the protections of the bankruptcy code, which the Court should not condone.

B. **The Kenton Creditors and the Estate will be prejudiced by a dismissal**.

The Debtors have not indicated that they will repay their debts outside of bankruptcy. Moreover, the power and ability of the Bankruptcy Court to marshal assets and distribute them to creditors is unparalleled elsewhere. The loss of such an advantage in collection is, itself, substantial prejudice to a creditor. *In re Martin*, 30 B.R. 24, 26-27 (Bankr. E.D.N.C. 1983).[1] As *Dreamstreet* notes, creditors are prejudiced by the possible loss of chapter 5 causes of action

---

[1] (holding "the Debtor contends that the creditors' search for potential assets can be conducted as easily in a state court proceeding as it can in this bankruptcy case. On the contrary, the bankruptcy court, with its national jurisdiction, provides a more convenient and expedient forum to scrutinize transfers of potential assets that may have occurred . . . Even if there were no possibility of an interstate inquiry, the delay and added costs involved in the pursuit of their state court discovery rights would constitute prejudice to creditors.)

outside of bankruptcy. In bankruptcy, the Kenton Creditors are assured that the adjudication of their claim against the Debtor may be adjudicated, and that they will receive an appropriate *pro rata* distribution on account of such claim. Outside of bankruptcy (and the supervision of the Debtors' assets by the Court and a fiduciary), there is no guarantee that the creditors may fully realize the value of the Debtor's assets.

For these reasons, it is clear that the creditor body will be prejudiced by a dismissal. Accordingly, the Court should deny the Motion.

WHEREFORE, the Kenton Creditors request this Court deny the Motion, and grant such other and further relief as is just and appropriate.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for the Kenton Creditors
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@msglaw.com

By:   /s/ Lawrence E. Pecan
         RUBEN E. SOCARRAS
         Fla. Bar No. 712256
         LAWRENCE E. PECAN
         Florida Bar No. 99086

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this April 14, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

        /s/ Lawrence E. Pecan
    LAWRENCE E. PECAN

**SERVICE LIST**

**SERVED VIA CM/ECF NOTICE**

Lawrence A Levine, Esq on behalf of Debtor Ricardo Zambrano
lawrence@llevinepa.com, carolina@llevinepa.com;llevinepanotices@gmail.com

Lawrence A Levine, Esq on behalf of Joint Debtor Ana Yulen Calderon
lawrence@llevinepa.com, carolina@llevinepa.com;llevinepanotices@gmail.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad S. Paiva
trustee@gmlaw.com,
katrina.bankert@gmlaw.com;cpaiva@ecf.epiqsystems.com;leslie.marder@gmlaw.com;fl84@ecfcbis.com

Lawrence E Pecan on behalf of Creditor David M. Kenton, P.A.
lpecan@marshallgrant.com, efile@marshallgrant.com;mg197ecfbox@gmail.com